**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL ANTONIO TEJADA-HERNANDEZ,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 20-73397<br><br>Agency No. A070-913-857<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Immigration Judge

Submitted May 18, 2021[**]

Before:  CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Samuel Antonio Tejada-Hernandez, a native and citizen of El Salvador,

petitions for review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture in El

Salvador and thus is not entitled to relief from his reinstated removal order. Our

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We dismiss in part, grant in part, and deny in part the petition for review, and we remand.

We lack jurisdiction to consider Tejada-Hernandez's contentions, raised for the first time in his opening brief, as to humanitarian asylum and proposed particular social groups related to landowners in El Salvador, wealthy residents of the United States, and those who have resisted and reported gang activity to the police. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

As to the IJ's finding that Tejada-Hernandez failed to demonstrate a reasonable possibility of persecution, it appears the IJ misstated the record as to whether Tejada-Hernandez articulated a particular social group and as to whether he relocated within his country after his family received threats. Specifically, the IJ's finding that Tejada-Hernandez did not articulate a specific particular social group is contrary to the record where counsel stated during the hearing that "[Tejada-Hernandez's] family have a particular social group." Thus, the IJ failed to consider all relevant evidence and did not address Tejada-Hernandez's claim on account of his proposed particular social group of his family. *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) (indications of the agency's failure to

20-73397

properly consider all of the relevant evidence "include misstating the record");

*Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (the agency is "not free to ignore arguments raised by a petitioner").  Additionally, it is not clear from the record whether the IJ found that Tejada-Hernandez had "attempted to" and "successfully" reasonably relocated within El Salvador with his mother and nephew.  If the IJ did make such a finding, it is contrary to Tejada-Hernandez's record testimony that he was in the United States at the time his mother and nephew relocated within El Salvador.  *See Cole*, 659 F.3d at 771-72.

Thus, we grant the petition for review and remand Tejada-Hernandez's reasonable fear of persecution claim to the IJ for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the IJ's determination that Tejada-Hernandez failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to El Salvador.  *See Andrade-Garcia*, 828 F.3d at 836-37 (substantial evidence supported the conclusion that petitioner failed to demonstrate a reasonable fear of torture).

We lack jurisdiction to consider Tejada-Hernandez's contentions of error in the asylum officer's nexus and government consent or acquiescence determinations.  *See Barron*, 358 F.3d at 677-78.

20-73397

We do not consider the materials Tejada-Hernandez references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The motion for a stay of removal is granted. Tejada-Hernandez's removal is stayed pending a decision by the IJ.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; DENIED in part; REMANDED.**